UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT MARLYN TAYLOR, | Case No. 17-CV-1475 (JRT/FLN) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Robert Marlyn Taylor is currently serving a life term of imprisonment for first-degree premeditated murder. *See State v. Taylor*, 650 N.W.2d 190 (Minn. 2002). In 2005, Taylor sought relief from that conviction in federal court through filing a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. That habeas corpus petition was denied on the merits. *See Taylor v. Minnesota*, No. 05-CV-0294 (JRT/FLN), 2006 WL 2583150 (D. Minn. Sept. 7, 2006).

Taylor has now presented a second petition for a writ of habeas corpus challenging the same conviction. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Taylor's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Taylor's petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no question that Taylor's petition is second or successive; it challenges the same criminal judgment that was the

subject of the 2005 habeas petition, which was denied with prejudice and on the merits. Taylor therefore needs authorization from the Eighth Circuit Court of Appeals before proceeding. But Taylor has not even requested authorization from the Eighth Circuit to file his most recent habeas corpus petition, much less received authorization to do so. Absent authorization, this Court lacks jurisdiction to consider the petition. *See Ward v. Norris*, 577 F.3d 925, 938 (8th Cir. 2009).

When presented with an unauthorized second or successive habeas corpus petition, the district court may either dismiss the petition without prejudice or transfer the petition to the appropriate court of appeals for consideration of whether the petition should be authorized. This Court recommends dismissal rather than transfer. Circuit courts may authorize second or successive habeas petitions only in limited circumstances: (1) the claim presented therein must rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) the allegations in the habeas petition, "if proven and viewed in light of the evidence as a whole, [must] be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Neither of those provisions appears to be established by Taylor's petition, and thus the Eighth Circuit is overwhelmingly unlikely to authorize the petition. Further, even if the petition were not second or successive, it is by all indications untimely, *see* 28 U.S.C. § 2244(d), and dismissal would be warranted on that independent, non-jurisdictional basis.[1]

---

[1] Despite the above, nothing in this Recommendation precludes Taylor from seeking authorization from the Eighth Circuit of his own accord.

Accordingly, it is hereby recommended that this matter be dismissed without prejudice for lack of jurisdiction. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Taylor's current habeas corpus petition differently than it is being treated here. Taylor has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Taylor should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. No certificate of appealability be issued.

Dated: May 17, 2017         *s/Franklin L. Noel*
                            Franklin L. Noel
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.