# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT MARLYN TAYLOR, | Civil No. 17-1475 (JRT/FLN) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Robert Marlyn Taylor, Reg. No. 206397, MCF – Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* petitioner.

J. Michael Richardson, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487, for respondent.


On May 3, 2017, Petitioner Robert Marlyn Taylor, currently a state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 attacking the validity of his state conviction. (Pet. for Writ of Habeas Corpus, May 3, 2017, Docket No. 1.) On May 18, 2017, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") recommending dismissal of the petition. (R&R, May 18, 2017, Docket No. 4.) The Magistrate Judge reasoned that because Taylor previously sought relief from his state court conviction by filing a federal habeas petition, which was denied on the merits, the instant petition is "second or successive." (*Id.* at 1-2 (citing *Taylor v. Minnesota*, No. 05-294, 2006 WL 2583150 (D. Minn. Sept. 7, 2006)).) The Magistrate Judge explained that the Court lacks jurisdiction to consider Taylor's petition absent authorization from the Eighth Circuit. (*Id.*) The Magistrate Judge also

recommended that the Court decline to grant a Certificate of Appealability because Taylor has not "made a substantial showing of the denial of a constitutional right."  (*Id.* at 3 (quoting 28 U.S.C. § 2253(c)(2)).)

On June 9, 2017, Taylor filed objections to the R&R.[1]  In the objections, Taylor stated that he "has established through his habeas corpus petition that a substantial constitutional right has been denied in the lack of a competent trier of facts, which is a constitutional right."  (Objs. to R&R, June 9, 2017, Docket No. 7.)  He explained that he has received new information showing just how incompetent the state trial judge was "due to mental illnesses and behavior."  (*Id.*)  Taylor also requested that the Court stay any further proceedings, as opposed to dismissing, because he has requested a Certificate of Appealability from the Eighth Circuit and would like the Court to wait until the Eighth Circuit makes a decision.  (*Id.*)

The Court agrees with the Magistrate Judge that Taylor's habeas petition is "second or successive," 28 U.S.C. § 2244(b), and thus, because the Eighth Circuit has not granted Taylor leave to file the petition, the Court lacks jurisdiction to consider Taylor's claim.  "To obtain a pre-authorization order for his current claims for relief, [Taylor] will have to persuade the Eighth Circuit that his claims satisfy the standard contained in

---

[1] Just three days before the Clerk of Court docketed Taylor's objections, and just after the deadline for filing objections has passed, the Court issued an order summarily adopting the R&R and dismissing Taylor's petition without prejudice.  (Order on R&R, June 6, 2017, Docket No. 5.)  The Clerk of Court entered judgment pursuant to that order on June 7, 2017.  Taylor's objections, which had been sent in the mail from prison, were docketed two days later, on June 9, 2017.  (Objs. to R&R, June 9, 2017, Docket No. 7.)  The Court subsequently issued an order staying the order adopting the R&R pending consideration of Taylor's objections, which the Court considers to be timely filed.  (Order, June 15, 2017, Docket No. 8.)

[§ 2244(b)(2)]."[2] *Moua v. Minnesota*, No. 14-3158, 2014 WL 4659645, at *2 (D. Minn. Sept. 17, 2014). A decision from the Eighth Circuit to grant a Certificate of Appealability, as Taylor has requested, would not change the fact that the Court lacks jurisdiction to consider the petition in the first instance; therefore the Court will not stay further proceedings.

Additionally, the Court agrees with the Magistrate Judge that a Certificate of Appealability is inappropriate in this case. The Court is simply unable to entertain Taylor's petition for lack of jurisdiction, and it is highly unlikely that reasonable jurists would disagree. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a Certificate of Appealability should be granted if the petitioner demonstrates "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner").

This Order in no way prohibits Taylor from seeking leave from the Eighth Circuit to file a "second or successive" petition for writ of habeas corpus. If Taylor receives

---

[2] In order to overcome the bar on "second or successive" petitions, a petitioner must demonstrate to the Circuit Court that the claim "was not presented in a prior application" and

> (A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2).

such permission, and Taylor subsequently re-files the petition, the Court will consider his claims at that time.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The Order Adopting the Report and Recommendation dated June 6, 2017 [Docket No. 5] and the Judgment entered pursuant to that Order dated June 7, 2017 [Docket No. 6] are **VACATED**.

**IT IS HEREBY FURTHER ORDERED** that:

2.      Petitioner Robert Marlyn Taylor's Objections to the Report and Recommendation of the Magistrate Judge [Docket No. 7] are **OVERRULED**.   The Report & Recommendation [Docket No. 4] is **ADOPTED**.

3.      Taylor's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice** for lack of jurisdiction.

4.      For purposes of appeal on the issues raised in respondent's motion, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 14, 2017                          _____ s/John R. Tunheim _____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                              Chief Judge
                                                              United States District Court